IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WAYLAND KATHAN,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOVEST, LLC,<br><br>Defendant. | ORDER AND<br>MEMORANDUM DECISION<br><br>Case No. 2:19-cv-00486-TC |

Plaintiff Wayland Kathan filed this lawsuit against Defendant Autovest, LLC, in state court, asserting that Autovest had violated the Fair Debt Collection Practices Act (FDCPA) when it sued Mr. Kathan in an earlier action without being licensed as a debt collector. Autovest removed this action to federal court (ECF No. 2), and now moves to compel arbitration of Mr. Kathan's claim (ECF No. 13).

Mr. Kathan does not dispute the existence of an enforceable arbitration agreement between the parties. Rather, his sole argument is that Autovest has waived its right to compel arbitration. (See ECF No. 17 at 3.)

1

## I. BACKGROUND

On October 6, 2015, Mr. Kathan entered into a Motor Vehicle Retail Installment Contract to purchase a car. (Declaration of Don Griffin (Griffin Decl.) ¶ 5.) This contract includes as enforceable arbitration clause. (Griff Decl. ¶ 5, Ex. 1 at 5.) After Mr. Kathan began missing car payments, the right to enforce the contract was assigned to Autovest, and Autovest filed an action in state court to collect the unpaid debt. (Griffin Decl. ¶ 9; Request for Judicial Notice (RJN) Ex. A.)[1] Autovest prevailed on its motion for summary judgment, and judgment was entered against Mr. Kathan in the amount of $13,002.20. (RJN Exs. C-D.)

Mr. Kathan filed this action in state court on June 11, 2019. (ECF No. 2 at 1.) In the complaint, Mr. Kathan asserts that Utah requires all debt collectors to be licensed (see Utah Code Ann. § 12-1-1), and that by failing to have such a license at the time of the first lawsuit, Autovest violated the FDCPA. (ECF No. 2 at 4-6.)

## II. ANALYSIS

### A. Federal Law Applies

Mr. Kathan argues that Utah law, rather than federal law, should be used to determine whether Autovest has waived its right to enforce the arbitration clause. But Mr. Kathan identifies no case in which state waiver law, rather than federal law, was applied to an arbitration clause governed by the Federal Arbitration Act. On the contrary, federal courts have consistently held that federal law is used to determine whether the right to arbitrate has been waived. See Blanco v. Sterling Jewelers Inc., Civil Action No. 09-cv-01330-CMA-KLM, 2010 WL 466760,

---

[1] Autovest requests that the court take judicial notice of the complaint in Autovest, LLC v. Wayland Kathan Jr., Case No. 180302112, 3rd District Court, Tooele County, Utah, as well as the answer, motion for summary judgment, and judgment in that case. (ECF No. 13-3.) The request is granted. See Fed. R. Evid. 201.

at *4 (D. Colo. Feb. 9, 2010) ("Whether waiver has occurred is a question of federal law") (collecting cases); Funderburke v. Midland Funding, LLC, No. 12-2221-JAR/DJW, 2013 WL 394198 at *6 (D. Kan. Feb. 1, 2013) (applying federal law to resolve waiver argument).

Accordingly, the court applies federal law to determine whether Autovest has waived its right to enforce the arbitration agreement.

**B. The Right to Arbitrate Has Not Been Waived**

"It is axiomatic that 'the right to arbitration, like any other contract right, can be waived.'" Healy v. Cox Comm's, Inc., 790 F.3d 1112, 1115 (10th Cir. 2015) (quoting Reid Burton Constr., Inc. v. Carpenters Dist. Council of S. Colo., 614 F.2d 698, 702 (10th Cir. 1980)). The Tenth Circuit requires the court to consider the following six factors when determining whether a party has waived its right to compel arbitration:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.

Id. at 1116. Rather than applying the factors in a "mechanical process," the court should use them as a guide. Id.

Mr. Kathan argues that this suit and Autovest's first debt collection suit are so interrelated that Autovest's actions in the first suit should be considered in determining whether Autovest has waived its right to enforce the arbitration agreement. This was the conclusion reached in Nelson v. Liberty Acquisitions Servicing, LLC, 374 P.3d 27 (Utah Ct. App. 2016). In

3

Nelson, a debtor sued a debt collector, alleging it had violated the FDCPA by trying to collect debts in an earlier action after the statute of limitations had expired. Id. at 28. The debt collector moved to compel arbitration, but the debtor argued the right to arbitrate had been waived because the debt collector had elected to proceed in court in the original action. Both the district court and the court of appeal agreed. Id. at 32 ("Defendants have failed to show error in the district court's ruling that [their] election to pursue litigation in the Collection Actions constituted waiver of its right to arbitration in the 2014 Action.").

But the Nelson court's decision turned entirely on the interpretation of Utah state law. Id. at 31. In fact, the Nelson court explicitly noted that the outcome might be different in federal court, as it identified four federal cases in which the filing of a debt collection lawsuit in court did not result in a waiver of the right to arbitration in later actions. Id. at 31 (citing Cage v. CACH, LLC, No. C13–01741RSL, 2014 WL 2170431 (W.D. Wash. May 22, 2014); James v. Portfolio Recovery Assocs., LLC, No. 14–cv–03889–RMW, 2015 WL 720195 (N.D. Cal. Feb. 20, 2015); Schwartz v. CACH, LLC, No. 13–12644–FDS, 2014 WL 298107 (D. Mass. Jan. 27, 2014); Funderburke, 2013 WL 394198).

To this list, Autovest adds another four federal cases, that all reach the same conclusion. See Spencer v. Midland Funding LLC, No. 3:16-cv-00093-BR, 2016 WL 8677216 (D. Or. Oct. 21, 2016); Davis v. CACH, LLC, No. 14-cv-03892-BLF, 2015 WL 913392 (N.D. Cal. Mar. 2, 2015); Garcia v. Weltman, Weinberg & Reis Co. of Mich., No. 2:13-cv-14362, 2014 WL 1746522 (E.D. Mich. Apr. 30, 3014); Hodson v. Javitch, Block & Rathbone, LLP, 531 F. Supp. 2d 827, 831 (N.D. Ohio 2008). The clear weight of authority supports finding that filing the

4

original state court action had no effect on whether Autovest waived its right to arbitrate in this later action.  Mr. Kathan has not identified a single federal case to the contrary.

And Autovest's argument is bolstered by the explicit text of the arbitration agreement, which states, "Neither you nor we waive the right to arbitrate by . . . filing suit."  (Griffin Decl. ¶ 5, Ex. 1 at 5.)  See Garcia, 2014 WL 1746522 at *5 (finding it relevant, "though not outcome-determinative," that "the Agreement to Arbitrate's express language allowed Credit Acceptance Corporation to file a debt collection lawsuit without waiving its arbitration rights.") (emphasis in original).

Accordingly, the court concludes Autovest did not waive its right to pursue arbitration by filing the state debt collection action.  Mr. Kathan has not identified any other conduct by Autovest that would support a finding of waiver.

**ORDER**

Autovest's motion to compel arbitration (ECF No. 13) is GRANTED.  Autovest requests that this action be stayed pending arbitration.  (ECF No. 13 at 1.)  This request is also GRANTED.

DATED this 30th day of September, 2019.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge