IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WAYLAND KATHAN,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOVEST, LLC,<br><br>Defendant. | ORDER AND<br>MEMORANDUM DECISION<br><br>Case No. 2:19-cv-00486-TC |

On September 30, 2019, the court granted Defendant Autovest, LLC's motion to compel arbitration and stay the case. (ECF No. 24.) Plaintiff Wayland Kathan now moves for the stay to be lifted so that he may proceed with his claim in this court.

According to the parties' contract, disputes between them would be would be subject to the rules of the American Arbitration Association (AAA). (Ex. 1 to Def.'s Mot. Compel Arb. (ECF No. 13-2).) The AAA rules state that if "the AAA decline[s] to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution." (AAA Rule R-1(d), Ex. C to Pl.'s Mot. Lift Stay (ECF No. 25-3).) Mr. Kathan presents evidence that Autovest initiated an arbitration proceeding with AAA, but that AAA then declined to administer

the arbitration.  (Ex. A to Pl.'s Mot. Lift Stay (ECF No. 25-1).)  Accordingly, Mr. Kathan argues he is now entitled to proceed with his claim in court.

In opposition, Autovest presents evidence that AAA's decision to close the arbitration proceeding was due to administrative errors on their part.  AAA initially stated that it would not administer the arbitration because Autovest had failed to register its arbitration clause with AAA's Consumer Clause Registry.  (Ex. C to Campbell Aff. (ECF No. 28-3).)  Autovest contacted AAA for clarification, because Autovest believed the clause had already been registered.  (Ex. D to Campbell Aff. (ECF No. 28-4).)  AAA then responded that the proceeding had actually been closed because Autovest "failed to pay fees on a previous case on 11/2/18[,] not a Registry issue."  (Ex. E to Campbell Aff. (ECF No. 28-5).)  Autovest asked for the case number, party information, and invoice for the previous case, so that it could resolve any unpaid fees, but AAA again reversed itself and decided that the real problem was that Autovest had never affirmatively agreed to abide by AAA's Consumer Arbitration Rules and Consumer Due Process Protocol.  (Ex. H to Campbell Aff. (ECF No. 28-8).)  After Autovest agreed to submit its consent to these rules in writing, AAA finally agreed to administer any Autovest arbitrations going forward.  (Ex. J to Campbell Aff. (ECF No. 28-10).)  All of these communications took place in just a two-week period.  (Campbell Aff. ¶¶ 6-15.)

In support of his motion, Mr. Kathan cites Pre-Paid Legal Services, Inc. v. Cahill, 786 F.3d 1287 (10th Cir. 2015).  There, the Tenth Circuit affirmed the decision of a district court to allow the parties to proceed in court, notwithstanding an arbitration agreement, after one of the parties had failed to pay the required arbitration fees and the arbitrator had accordingly refused to administer the arbitration. Id. at 1293-95.

Autovest's conduct here in no way resembles the conduct of the party in <u>Pre-Paid Legal Services</u>. The communications between Autovest and AAA unambiguously show that AAA's decision not to administer this arbitration was error on its part. After all, Autovest made clear throughout the process that it was willing and able to resolve any problem identified by AAA, even as AAA provided Autovest with three entirely different explanations regarding why the case had been closed.

The court determined in its previous order that Autovest has a contractual right to arbitrate this dispute. There is no reason Autovest should lose that contractual right simply because it took Autovest two weeks to successfully resolve a problem entirely of AAA's own making. Because Autovest was ultimately able to get AAA to agree to arbitrate its cases, the court declines to lift the stay and again orders Mr. Kathan and Autovest to proceed to arbitration.

## ORDER

Mr. Kathan's motion to lift stay (ECF No. 25) is DENIED.

SO ORDERED this 30th day of December, 2019.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge